UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MALIK ALLAH-U-AKBAR, *Pro Se*, | ) | Case No.:  1:25 CV 229 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF OHIO, *et al.*, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants | ) | AND ORDER |

## I. INTRODUCTION

*Pro Se* Plaintiff Malik Allah-U-Akbar, formerly known as Odraye G. Jones, filed this civil

rights action against the State of Ohio, Ashtabula County, Ohio, and Attorney John B. Juhasz, Jr.

(ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis* (ECF No. 2), which the

Court grants by separate order.  Additionally, Plaintiff filed a motion for temporary restraining order

and for preliminary injunction (ECF No. 3).

Plaintiff's 236-page Complaint appears to concern Plaintiff's 1998 criminal conviction for

aggravated murder with prior calculation and design, which was affirmed on appeal. *See State v.*

*Jones*, 91 Ohio St. 3d 335, 2001- Ohio- 57, 744 N.E.2d 1163 (Ohio 2001); *see also State v. Jones*,

No. 2000-A-0083, 2002 Ohio App. LEXIS 1981, 2002 WL 737074 (Ohio Ct. App. Apr. 26, 2002)

(denying state post-conviction relief); *State v. Jones*, 2002-Ohio-6914, 2002 WL 31812945 (Ohio

Ct. App. Dec. 13, 2002) (denying motion for relief from judgment); *State v. Jones*, 108 Ohio St. 3d 1409, 2006-Ohio-179, 841 N.E.2d 315 (Ohio 2006) (table) (denying both of Jones's applications to reopen his direct appeal); *Jones v. Bradshaw*, 46 F.4th 459, 489 (6th Cir. 2022) (affirming the conviction and granting conditional writ on his sentence). Plaintiff appears to allege in this Complaint that Defendants' racial and religious discrimination in his prior court proceedings and the defendants' "failure to accept and apply controlling principles of law" resulted in Plaintiff's false imprisonment and malicious prosecution. He also alleges that the defendants' actions resulted in the denial of due process, equal protection, self representation, access to the courts, free exercise of religion, and freedom of speech. (*See* ECF No. 1 at 4).

Plaintiff seeks monetary relief and the immediate release from custody.

## II. DISCUSSION

### A. Standard of Review

*Pro Se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted where it lacks

"plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Fed. R. Civ. P. 8(a)(2). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### B. Analysis

Upon the Court's review, Plaintiff's Complaint must be dismissed in accordance with 28 U.S.C. §1915(e). Even liberally construed, it fails to state a plausible civil rights claim.

Plaintiff's Complaint purports to assert claims calling into question the validity of his criminal conviction, and he seeks immediate release. The Supreme Court held that a civil rights action under 42 U.S.C. § 1983 is not an appropriate vehicle for a prisoner to challenge a state conviction or sentence. Rather, where, as here, a prisoner is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Plaintiff, therefore, fails to state a plausible federal civil rights claim.

Additionally, to the extent Plaintiff is seeking damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid under 42 U.S.C. § 1983, he must first show that the conviction has already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In the absence of such a showing, any complaint for damages must be dismissed. *See Wright v. Kinneary*, 46 Fed. App'x. 250, 252 (6th Cir. 2002) (citing *Heck*, 512 U.S. at 486-87). The holding in *Heck* has been extended to actions seeking injunctive and declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (declaratory relief); *Wilson v. Kinkela*, 145 F.3d 1335 [published in full-text format at 1998 U.S. App. LEXIS 9341], 1998 WL 246401, at *1 (6th Cir. 1998) (extending *Heck* to actions seeking declaratory and injunctive relief).

Here, there is no suggestion in the complaint that Plaintiff's conviction has been set aside or invalidated in any of the ways articulated in *Heck*. As previously noted, Plaintiff's conviction was affirmed on direct appeal and Plaintiff's efforts at state post-conviction relief failed. Additionally, in reviewing the district court's denial of Plaintiff's writ of habeas corpus, the Sixth Circuit Court of Appeals affirmed Plaintiff's conviction.[1] *See Jones v. Bradshaw*, 46 F.4th at 489. Because Plaintiff is challenging the fact of his conviction in this Complaint, and his conviction has been affirmed, he  fails to allege a cognizable civil rights claim.

---

[1]     In *Jones v. Bradshaw*, the Sixth Circuit affirmed Plaintiff's conviction, but reversed Plaintiff's death sentence. 46 F.4th at 489. And, the issue concerning Plaintiff's sentence remains pending. *See State v. Jones*, No. 1:03-cv-1192 (N.D. Ohio); *Jones v. Bradshaw*, No. 24-3581 (6th Cir. filed July 8, 2024) (*See* Doc. No. 8).

### III. CONCLUSION

For the foregoing reasons, the Court dismisses this action pursuant to 28 U.S.C. §1915(e). And the Court denies Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction (ECF No. 3). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT COURT

April 29, 2025